Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:          mark@markmerin.com
                      paul@markmerin.com

Attorneys for Plaintiff
JING JING YAO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JING JING YAO,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, NEZIK, and DOES 1 to 50,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action involves the unlawful arrest and use of excessive force by police officers SCOTT GEIST, PAUL RICE, and NEZIK of the CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT, against JING JING YAO.

## JURISDICTION & VENUE

1. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

2. On September 15, 2016, Plaintiff JING JING YAO filed a government claim for personal injury with the City Clerk's Office for the CITY OF FOLSOM regarding the state law claims asserted

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

herein. On September 15, 2016, the City Clerk's Office confirmed receipt of the government claim. On October 31, 2016, the City Clerk's Office mailed a notice stating that Plaintiff JING JING YAO's government claim was "REJECTED BY OPERATION OF LAW."

3. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

4. Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## PARTIES

5. Plaintiff JING JING YAO is a resident of the State of California, County of Los Angeles.

6. Defendant CITY OF FOLSOM is a "public entity" within the definition of Cal. Gov. Code § 811.2.

7. Defendant FOLSOM POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8. Defendant SCOTT GEIST is, and at all material times herein was, a law enforcement officer employed by Defendants CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant SCOTT GEIST is sued in his individual capacity.

9. Defendant PAUL RICE is, and at all material times herein was, a law enforcement officer employed by Defendants CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant PAUL RICE is sued in his individual capacity.

10. Defendant NEZIK is, and at all material times herein was, a law enforcement officer employed by Defendants CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant NEZIK is sued in his individual capacity.

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

11.     Defendant DOES 1 to 50 are and/or were agents or employees of Defendants CITY OF FOLSOM and/or FOLSOM POLICE DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendant DOES 1 to 50 are not now known to Plaintiff JING JING YAO who sues Defendant DOES 1 to 50 by their fictitious names. Plaintiff JING JING YAO will substitute the true and correct names of Defendant DOES 1 to 50 when ascertained.

**GENERAL ALLEGATIONS**

12.     At all times relevant herein, all wrongful acts and/or omissions described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13.     On July 24, 2016, during the evening hours, Plaintiff JING JING YAO was the driver of a vehicle containing two other passengers.

14.     Around 11:14 p.m., Plaintiff JING JING YAO was pulled over by police officer Defendant SCOTT GEIST, an employee of Defendants CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT, who was driving a police officer patrol vehicle, at the cross-streets of Folsom Boulevard and Forrest Street in Folsom, California.

15.     Plaintiff JING JING YAO's first language is not English and she possesses a limited understanding of the English language.

16.     Defendant SCOTT GEIST approached Plaintiff JING JING YAO's vehicle and accused her of "swerving" while driving.

17.     Defendant DOE asked Plaintiff JING JING YAO if she had been drinking.

18.     Plaintiff JING JING YAO had not swerved while driving and Defendant SCOTT GEIST's accusation that she had was false.

19.     Plaintiff JING JING YAO had not been drinking.

20.     Plaintiff JING JING YAO denied Defendant SCOTT GEIST's accusations that she had swerved while driving and responded that she had not been drinking.

21.     Defendant SCOTT GEIST requested and received Plaintiff JING JING YAO's license and registration and returned to his patrol vehicle.

22.     At some point, at least one additional police officer patrol vehicle and two additional

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

police officers, Defendants PAUL RICE and NEZIK, arrived at the scene.

23. Defendant SCOTT GEIST returned to Plaintiff JING JING YAO's vehicle and asked her to sign a traffic citation that Defendant SCOTT GEIST produced.

24. Plaintiff JING JING YAO questioned why she was required to sign a citation because she had done nothing wrong.

25. In response, Defendant SCOTT GEIST demanded that Plaintiff JING JING YAO sign the citation.

26. Plaintiff JING JING YAO continued to question why she was required to sign the citation and requested that Defendant SCOTT GEIST return her license and registration to her.

27. Eventually, Defendants SCOTT GEIST, PAUL RICE, and NEZIK became frustrated with Plaintiff JING JING YAO.

28. Defendants SCOTT GEIST, PAUL RICE, and NEZIK opened the door of Plaintiff JING JING YAO's vehicle and forcefully grabbed her.

29. Defendants SCOTT GEIST, PAUL RICE, and NEZIK pulled Plaintiff JING JING YAO's body out of her vehicle.

30. Plaintiff JING JING YAO was dragged across and pinned to the ground.

31. Plaintiff JING JING YAO sustained several bumps, bruises, and cuts across the left side of her body, including the left side of her face, arm, leg, and ankle, as a result of being dragged across the ground.

32. One of Defendants SCOTT GEIST, PAUL RICE, or NEZIK climbed on top of Plaintiff JING JING YAO's body, bearing his body weigh down on top of Plaintiff JING JING YAO, while two of Defendants SCOTT GEIST, PAUL RICE, or NEZIK yanked her arms behind her back and applied handcuffs.

33. At no time did Plaintiff JING JING YAO resist Defendants SCOTT GEIST, PAUL RICE, or NEZIK.

34. Defendant SCOTT GEIST lifted Plaintiff JING JING YAO off the ground and then forcefully slammed her into the front of a police officer patrol vehicle.

35. Plaintiff JING JING YAO was confined to the back of the patrol vehicle and subsequently

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

1 transported to the Sacramento Main Jail.

2     36.    Plaintiff JING JING YAO was booked on a charge of "resisting or obstructing" a police officer, pursuant to Cal. Pen. Code § 148(a)(1).

    37.    On July 25, 2016, at approximately 5:26 a.m., Plaintiff JING JING YAO was released from the Sacramento Main Jail's custody.

    38.    On September 14, 2016, Plaintiff JING JING YAO was required to appear at the Sacramento County Superior Court in connection with the July 24, 2016, incident, only to learn that no charges would be pursued against her.

    39.    No charges were ever filed against Plaintiff JING JING YAO in connection with her July 24, 2016, arrest.

## FIRST CLAIM

### False Arrest

**(Fourth & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

    40.    The First Claim is asserted by Plaintiff JING JING YAO against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

    41.    Plaintiff JING JING YAO realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

    42.    Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrest Plaintiff JING JING YAO, without a warrant and without probable cause.

    43.    Defendants SCOTT GEIST, PAUL RICE, and NEZIK's false arrest was motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff JING JING YAO's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

    44.    As a direct and proximate result of Defendants SCOTT GEIST, PAUL RICE, and NEZIK's actions, Plaintiff JING JING YAO suffered injuries entitling her to receive compensatory and punitive damages against Defendants SCOTT GEIST and PAUL RICE.

    WHEREFORE, Plaintiff JING JING YAO prays for relief as hereunder appears.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

## SECOND CLAIM

### Excessive Force

**(Fourth & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

45. The Second Claim is asserted by Plaintiff JING JING YAO against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

46. Plaintiff JING JING YAO realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

47. Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive force in arresting Plaintiff JING JING YAO.

48. Defendants SCOTT GEIST, PAUL RICE, and NEZIK's use of excessive force was motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff JING JING YAO's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

49. As a direct and proximate result of the Defendants SCOTT GEIST, PAUL RICE, and NEZIK's actions, Plaintiff JING JING YAO suffered injuries entitling her to receive compensatory and punitive damages against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

WHEREFORE, Plaintiff JING JING YAO prays for relief as hereunder appears.

## THIRD CLAIM

### Failure to Intervene

**(Fourth & Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)**

50. The Third Claim is asserted by Plaintiff JING JING YAO against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

51. Plaintiff JING JING YAO realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

52. Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting or purporting to act in the performance of their official duties as law enforcement officers, had a duty to intercede when fellow Defendants SCOTT GEIST, PAUL RICE, and/or NEZIK were violating and continued to violate

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

Plaintiff JING JING YAO's constitutional rights by falsely arresting her and subjecting her to excessive force.

53. Defendants SCOTT GEIST, PAUL RICE, and NEZIK's conduct was motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff JING JING YAO's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

54. As a direct and proximate result of the Defendants SCOTT GEIST, PAUL RICE, and NEZIK's actions, Plaintiff JING JING YAO suffered injuries entitling her to receive compensatory and punitive damages against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

WHEREFORE, Plaintiff JING JING YAO prays for relief as hereunder appears.

## FOURTH CLAIM

### False Arrest

### (Cal. Gov. Code §§ 815.2(a) & 820(a))

55. The Fourth Claim is asserted by Plaintiff JING JING YAO against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK.

56. Plaintiff JING JING YAO realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

57. Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiff JING JING YAO, without a warrant and without probable cause.

58. Defendants CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees, Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting within the scope of their employment.

59. Defendants SCOTT GEIST, PAUL RICE, and NEZIK's actions constituted oppression and/or malice resulting in great harm to Plaintiff JING JING YAO.

60. As a direct and proximate result of Defendant SCOTT GEIST, PAUL RICE, and NEZIK's actions, Plaintiff JING JING YAO suffered injuries entitling her to receive compensatory

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

damages against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK, and punitive damages against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

WHEREFORE, Plaintiff JING JING YAO prays for relief as hereunder appears.

## FIFTH CLAIM

### Assault/Battery

**(Cal. Gov. Code §§ 815.2(a) & 820(a))**

61. The Fifth Claim is asserted by Plaintiff JING JING YAO against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK.

62. Plaintiff JING JING YAO realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

63. Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally touched Plaintiff JING JING YAO, used unreasonable force to arrest her, and she did not consent to the use of that force.

64. Defendants CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees, Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting within the scope of their employment.

65. Defendants SCOTT GEIST, PAUL RICE, and NEZIK's actions constituted oppression and/or malice resulting in great harm to Plaintiff JING JING YAO.

66. As a direct and proximate result of Defendant SCOTT GEIST, PAUL RICE, and NEZIK's actions, Plaintiff JING JING YAO suffered injuries entitling her to receive compensatory damages against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK, and punitive damages against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

WHEREFORE, Plaintiff JING JING YAO prays for relief as hereunder appears.

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

## SIXTH CLAIM

### Intentional Infliction of Emotional Distress

**(Cal. Gov. Code §§ 815.2(a) & 820(a))**

67. The Sixth Claim is asserted by Plaintiff JING JING YAO against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK.

68. Plaintiff JING JING YAO realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

69. Defendants SCOTT GEIST, PAUL RICE, and NEZIK's conduct, acting or purporting to act in the performance of their official duties as law enforcement officers, was outrageous and, as a result of that outrageous conduct, Plaintiff JING JING YAO did suffer severe emotional distress.

70. Defendants CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees, Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting within the scope of their employment.

71. Defendants SCOTT GEIST, PAUL RICE, and NEZIK's actions constituted oppression and/or malice resulting in great harm to Plaintiff JING JING YAO.

72. As a direct and proximate result of Defendant SCOTT GEIST, PAUL RICE, and NEZIK's actions, Plaintiff JING JING YAO suffered injuries entitling her to receive compensatory damages against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK, and punitive damages against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

WHEREFORE, Plaintiff JING JING YAO prays for relief as hereunder appears.

## SEVENTH CLAIM

### Negligence

**(Cal. Gov. Code §§ 815.2(a) & 820(a))**

73. The Seventh Claim is asserted by Plaintiff JING JING YAO against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK.

74. Plaintiff JING JING YAO realleges and incorporates the allegations of the preceding

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

75. Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiff JING JING YAO a duty of care to not falsely arrest and use excessive force against her.

76. Defendants CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees, Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting within the scope of their employment.

77. Defendants SCOTT GEIST, PAUL RICE, and NEZIK's actions constituted oppression and/or malice resulting in great harm to Plaintiff JING JING YAO.

78. As a direct and proximate result of Defendant SCOTT GEIST, PAUL RICE, and NEZIK's actions, Plaintiff JING JING YAO suffered injuries entitling her to receive compensatory damages against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK, and punitive damages against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

WHEREFORE, Plaintiff JING JING YAO prays for relief as hereunder appears.

## EIGHTH CLAIM

### Bane Act

**(Cal. Civ. Code § 52.1; Cal. Gov. Code §§ 815.2(a) & 820(a))**

79. The Eighth Claim is asserted by Plaintiff JING JING YAO against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK.

80. Plaintiff JING JING YAO realleges and incorporates the allegations of the preceding paragraphs 1 to 78, to the extent relevant, as if fully set forth in this Claim.

81. Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally interfered with Plaintiff JING JING YAO's civil rights by threats, intimidation, or coercion, in violation of her rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, and her rights secured under article I, section 13 of the California Constitution.

10

COMPLAINT; DEMAND FOR JURY TRIAL
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

82. Defendants CITY OF FOLSOM and FOLSOM POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees, Defendants SCOTT GEIST, PAUL RICE, and NEZIK, acting within the scope of their employment.

83. Defendants SCOTT GEIST, PAUL RICE, and NEZIK's actions constituted oppression and/or malice resulting in great harm to Plaintiff JING JING YAO.

84. As a direct and proximate result of Defendant SCOTT GEIST, PAUL RICE, and NEZIK's actions, Plaintiff JING JING YAO suffered injuries entitling her to receive compensatory damages against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK, and punitive damages against Defendants SCOTT GEIST, PAUL RICE, and NEZIK.

WHEREFORE, Plaintiff JING JING YAO prays for relief as hereunder appears.

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JING JING YAO seeks Judgment as follows:

1. An award of compensatory, general, and special damages against Defendants CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, SCOTT GEIST, PAUL RICE, and NEZIK, according to proof at trial;

2. An award of exemplary/punitive damages against Defendants SCOTT GEIST, PAUL RICE, and NEZIK, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to the federally protected rights of Plaintiff JING JING YAO, or were wantonly or oppressively done, and constituted oppression and/or malice resulting in great harm to Plaintiff JING JING YAO;

3. An award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

4. An award of any other further relief, as the Court deems fair, just, and equitable.

Dated: November 1, 2016

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8337

Attorneys for Plaintiff
JING JING YAO

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____

## **JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff JING JING YAO.

Dated: November 1, 2016                    Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone:     (916) 443-6911
    Facsimile:       (916) 447-8337

    Attorneys for Plaintiff
    JING JING YAO

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Yao v. City of Folsom*; United States District Court, Eastern District of California, Case No. _____