UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JING JING YAO,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FOLSOM, et al.,<br><br>    Defendants. | No. 2:16-cv-02609-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Jing Jing Yao brings this suit against Defendants the City of Folsom, the Folsom Police Department, and several Folsom police officers, stating claims based on an allegedly false arrest and use of excessive force. In response to Plaintiff's Complaint, ECF No. 1, Defendants filed an Answer, ECF No. 9, which includes ten affirmative defenses. Plaintiff now moves to strike all ten affirmative defenses. ECF No. 10. For the reasons given below, the Motion is GRANTED IN PART and DENIED IN PART—Defendants' first and third affirmative defenses are stricken.

///
///
///
///
///

## BACKGROUND[1]

On the night of July 24, 2016, Plaintiff was the driver of a vehicle containing two other passengers when she was pulled over by Defendant Scott Geist, an officer with the Folsom Police Department. Geist accused Plaintiff of swerving and asked if she had been drinking. Plaintiff denied swerving and stated that she had not been drinking. At some point, Defendants Paul Rice and Nezik then arrived at the scene. Geist eventually demanded that Plaintiff sign a citation, which she refused as she maintained she had done nothing wrong. Geist, Rice, and Nezik then forcefully pulled Plaintiff out of her car, pinned her to the ground, and handcuffed her.

Plaintiff alleges that she was arrested without probable cause, that excessive force was used against her, and that she suffered injuries as a result of the allegedly unlawful arrest. In this action, she brings several constitutional claims as well as state tort claims against the officers, the City of Folsom, and the Folsom Police Department.

## STANDARD

An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's [ ] claim, even if all the allegations in the complaint are true." Black's Law Dictionary (10th ed. 2014). Plaintiff makes her motion under Federal Rule of Civil Procedure 12(f),[2] which allows a party to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The primary basis of Plaintiff's motion is her contention that the heightened pleading standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applies to affirmative defenses. Plaintiff argues

---

[1] Unless otherwise noted, the facts in this section are taken, sometimes verbatim, from Plaintiff's Complaint.

[2] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

2

that "[n]either the Ninth Circuit nor any other Circuit Court of Appeals has ruled on" whether Twombly and Iqbal apply to affirmative defenses. Pl.'s Mot. to Strike, at 2 (quoting Vargas v. County of Yolo, No. 2:15-CV-02537-TLN-CKD, 2016 WL 3916329, at *3 (E.D. Cal. July 20, 2016)). However, Plaintiff provides no substantive argument for why Twombly and Iqbal should apply to affirmative defenses, and only points to cases applying that standard to affirmative defenses before the Ninth Circuit's opinion in Kohler v. Flava Enters., 779 F.3d 1016 (9th Cir. 2015), which Plaintiff describes as not specifically addressing the issue. See Pl.'s Mot. to Strike, at 2–3.

However, this Court has already held that Kohler resolves the issue of which pleading standard applies to affirmative defenses: "[T]his Court now applies the 'fair notice' standard, and not the heightened pleading standard announced in Twombly and Iqbal, when evaluating motions to strike affirmative defenses." Edwards v. County of Modoc, No. 2:14-cv-02646-MCE-KJN, 2015 WL 4456180, at *1 (E.D. Cal. July 20, 2015) (England, C.J.). This is because the Ninth Circuit explained in Kohler that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)). Plaintiff provides no reasons for why this Court's prior interpretation of Kohler is incorrect, and therefore the Court analyzes Plaintiff's motion under the "fair notice" standard.

**ANALYSIS**

Plaintiff first generally attacks Defendants' affirmative defenses for failing to identify which party and claim each affirmative defense applies to. See Pl.'s Mot. to Strike, at 4–5. Plaintiff, however, does not show that the specificity she advocates is necessary as a matter of law. Instead, she only provides an Eleventh Circuit case, Byrne v. Nezhat, 261 F.3d 1075 (11th Cir. 2001), and other out-of-circuit cases that cite Byrne. Byrne, however, is inapposite. In that case, the Eleventh Circuit stated that

"because [the defendant's twenty-six affirmative defenses] addressed the amended complaint as a whole, they were, as a practical matter as vague and ambiguous as the amended complaint." Id. at 1129. That is, the defect of the answer in that case was it compounded the errors of the complaint. In the instant case, there is no reciprocal "shotgun pleading" as there was in Byrne. Id.

Aside from this general attack on the specificity of Defendants' affirmative defenses, Plaintiff makes specific arguments that each of Defendants' ten affirmative defenses is insufficiently pled. Accordingly, the Court addresses each affirmative defense in turn.

In their first affirmative defense, Defendants claim immunity under California Government Code § 821.6. That section provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. Plaintiff claims this defense should be stricken because the statute's "immunity is limited to initiation of judicial or administrative proceedings." Pl.'s Mot. to Strike, at 5. Here, Plaintiff's claims arise from actions taken during an arrest, not the initiation of any judicial or administrative proceeding, and therefore § 821.6 is inapplicable. See Blankenhorn v. City of Orange, 485 F.3d 463, 488 (9th Cir. 2007) "Because [plaintiff]'s assault and battery, negligence, and intentional infliction of emotional distress claims are based on acts that allegedly happened during his arrest, not pursuant to an investigation into his guilt, section 821.6 does not confer immunity from those claims upon Defendants."). Therefore, Plaintiff's Motion is GRANTED with respect to Defendants' first affirmative defense, and that defense is STRICKEN from Defendants' Answer.

Defendants' second affirmative defense is based on contributory fault and negligence. Plaintiff claims contributory fault and negligence does not constitute an affirmative defense, but merely a denial of Plaintiff's allegations. Pl.'s Mot. to Strike, at 6–7. However, Rule 8(c)(1) specifically lists contributory negligence as an affirmative

4

defense and Defendants' Answer provides fair notice of that defense.  See Edwards, 2015 WL 4456180, at *1 (reaching the same conclusion).  Accordingly, Plaintiff's Motion is DENIED as to Defendants' second affirmative defense.

Defendants' third affirmative defense claims apportioned liability.  Plaintiff argues that "a defense targeting the amount of the recovery is a limitation rather than an affirmative defense."  Pl.'s Mot. to Strike, at 8 (quoting Hernandez v. County of Monterey, 306 F.R.D. 279, 285 (N.D. Cal. 2015)).  Plaintiff is correct and her Motion is GRANTED as to Defendants' third affirmative defense, and that defense is STRICKEN from Defendants' Answer.

In their fourth affirmative defense, Defendants assert that they are entitled to qualified immunity.  Plaintiff moves to strike Defendants' claim of qualified immunity as "fact-barren."  Pl.'s Mot. to Strike, at 9.  Defendants, though, state in their Fourth Affirmative Defense that their actions in arresting Plaintiff were taken in good faith, adequately putting Plaintiff on notice of the defense.  See Edwards, 2015 WL 4456180, at *2 (finding an assertion of entitlement to qualified immunity sufficient to give "fair notice of that defense").  Accordingly, Plaintiff's Motion is DENIED with respect to Defendants' fourth affirmative defense.

Defendants' fifth affirmative defense claims "[a]ll defenses and rights granted to Defendants by virtue of the provisions of the California Government Code sections 810–996.6."  Ans., Affirmative Defense ¶ 5.  Plaintiff argues that this affirmative defense is similarly "fact-barren" as well as insufficiently specific as to which statutory provision Defendants invoke and how it applies to the instant case.  Pl.'s Mot. to Strike, at 9–10.  Defendants, however, specify that this defense is based on "Plaintiff's failure to comply with the Government Claims Act for any claims not included in her tort claim."  Ans., Affirmative Defense ¶ 5.  This provides sufficient specificity to put Defendant on notice of the defense.  See Vargas, 2016 WL 3916329, at *6 ("The Court construes this affirmative defense as an assertion of immunity and the failure to comply with the Government Claims Act is the factual basis on which the assertion lies.  The Court finds

that this factual basis is more than sufficient to provide fair notice."). Thus, the Motion is DENIED with respect to Defendants' fifth affirmative defense.

Defendants' sixth affirmative defense alleges that Plaintiff assumed all risks of injury, and once more, Plaintiff argues that Defendants' affirmative defense is "fact-barren." Pl.'s Mot. to Strike, at 11. She also argues that it is redundant of Defendants' comparative fault and negligence defenses. However, assumption of risk and contributory negligence are separate, if somewhat overlapping, concepts under California law. See generally Knight v. Jewett, 3 Cal. 4th 296, 308–09 (1992) (explaining the relationship between assumption of the risk and contributory negligence). Plaintiff has been adequately put on notice of the defense, and her Motion is DENIED as to Defendants' sixth affirmative defense.

Defendants' seventh affirmative defense claims self-defense and defense of others. Plaintiff argues that these concepts are redundant of qualified immunity because it is "no different than alleging that Defendants' conduct was 'reasonable' under the circumstances." Pl.'s Mot. to Strike, at 13 (emphasis removed). However, this defense applies to Plaintiff's state law claims, to which qualified immunity is inapplicable. For this reason, Plaintiff's Motion is DENIED regarding Defendants' seventh affirmative defense.

Plaintiff contends that Defendants' eighth affirmative defense—that they used reasonable and necessary force—is merely a denial of the factual allegations undergirding her claims. Pl.'s Mot. to Strike, at 14–15. Though a claim of reasonable and necessary force is an essential element of Plaintiff's Fourth Amendment claim, she has not shown that the affirmative defense does not apply to her other claims. See Kaur v. City of Lodi, No. 2:14-cv-00828-TLN-AC, 2016 WL 627307, at *3 (E.D. Cal. Feb. 17, 2016) ("Plaintiffs fail to show that 'reasonable force' is not an affirmative defense to Plaintiffs' other claims against Officer Defendants."). Accordingly, Plaintiff's Motion is DENIED as to Defendants' eighth affirmative defense.

Plaintiff similarly argues that Defendants' ninth affirmative defense, which claims they had probable cause, is merely a denial of her factual allegations. Pl.'s Mot. to

Strike, at 16. However, probable cause is an affirmative defense to a false arrest claim under California law. See Sanders v. City of Fresno, No. Civ. F-05-0469 AWISMS, 2005 WL 2435893, at *5 (E.D. Cal. Sept. 30, 2005) ("For a claim of false arrest without a warrant and a claim of simple false imprisonment by a police officer, there are affirmative defenses of probable cause to arrest and an officer's lawful authority to detain that are available . . . ."). Thus, Plaintiff's Motion is DENIED with regard to Defendants' ninth affirmative defense.

Moving to Defendants' tenth affirmative defense, Plaintiff one last time argues redundancy counsels striking. Pl.'s Mot. to Strike, at 17–18. She states that Defendants' good faith defense is duplicative of their qualified immunity defense. Id. However, Defendants specifically cabin the defense to Plaintiff's intentional infliction of emotional distress ("IIED") claim, to which qualified immunity has no applicability. Ans., Affirmative Defense ¶ 10. Plaintiff argues that the affirmative defense should nonetheless be stricken because it merely negates the factual basis of the "outrageousness" element of her IIED claim. Pl.'s Mot. to Strike, at 18. This argument is unavailing because Defendants' good faith defense is part of a specific affirmative defense to IIED under California law: "privileged conduct." To wit, their tenth affirmative defense includes all three elements of the defense, including that "their conduct was lawful and consistent with community and other relevant standards." Ans., Affirmative Defense ¶ 10. See Judicial Council of Cal., Civil Jury Instructions No. 1605, Westlaw CACI 1605 (updated Aug. 2016). Thus Plaintiff's Motion is DENIED with respect to Defendants' tenth affirmative defense.

**CONCLUSION**

For the reasons provided, Plaintiff's Motion to Strike, ECF No. 10, is GRANTED IN PART and DENIED IN PART. It is granted as to Defendants' first and third affirmative defenses, but denied as to Defendants' second and fourth through tenth affirmative

defenses. Accordingly, Defendants' first and third affirmative defenses are STRICKEN from Defendants' Answer without prejudice.

IT IS SO ORDERED.

Dated: April 18, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE